THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CRIMINAL CASE NO. 2:12-cr-00026-MR-DLH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| SCOTT ALLAN BURSON, a/k/a | ) | |
| "SCOTT ALLAN PASTOR." | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss Due to Pre-Indictment Delay [Doc. 14].

## I.   PROCEDURAL BACKGROUND

On October 16, 2012, the Defendant was charged in a Bill of Indictment with kidnaping, in violation of 18 U.S.C. § 1201(a)(1); using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1); and possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).  [Doc. 1].  The Defendant made his initial appearance on November 5, 2012, at which time counsel was appointed.  At the initial appearance, the Court granted the Defendant's motion for a psychiatric examination, and the Defendant was transported to a Bureau of Prisons facility for evaluation.  [See Doc. 9].

The Defendant returned to this District for a competency hearing on February 11, 2013. At that time, the Court determined the Defendant to be competent to proceed. This matter is currently scheduled for trial during the May 28, 2013 trial term.

## II. FACTUAL BACKGROUND

The Government alleges that the Defendant kidnaped the victim in Clay County, North Carolina, pointed a gun at her, placed a hood over her head, tied her, and then drove to an unoccupied trailer in Young Harris, Georgia, where he then allegedly drugged the victim, sexually assaulted her, and videotaped her as he forced her to defecate into a bucket. [Doc. 1].

The victim reported the alleged crimes to state law enforcement authorities in both Young Harris, Georgia, and Clay County, North Carolina. On July 1, 2009, the North Carolina State Bureau of Investigation initiated an investigation into the victim's allegations. [Doc. 14-1]. On that same date, the Defendant was arrested and charged in Clay County, North Carolina with Kidnapping, Assault by Pointing a Gun, and Communicating Threats. [File No. 09-CRS-50281, Doc. 14-2]. Also that day, a search warrant was executed on the Defendant's home and numerous items of

physical evidence were seized. On December 7, 2009, the Defendant was indicted by a state grand jury on the above-referenced charges.

The Defendant's case remained pending in state court for over three years. On August 2, 2012, the alleged victim was interviewed by the attorneys from the 30th Judicial District of North Carolina District Attorney's Office and the United States Attorney's office for the Western District of North Carolina. A superseding indictment was issued in Clay County, North Carolina on September 12, 2012 in File No. 09-CRS-50281, again charging the Defendant with kidnaping, assault by pointing a gun and communicating threats. Two additional charges were also added in File Nos. 12CRS176 and 12CRS177 for felonious restraint and possession of a firearm by a convicted felon.

On October 16, 2012, the Defendant was charged in this Court with kidnaping, using and carrying a firearm during and in relation to a crime of violence, and possessing a firearm after having been convicted of a felony,. He was arrested on these federal charges on October 17, 2012.

## III. ANALYSIS

The Supreme Court has recognized that unnecessary pre-indictment delay may violate a Defendant's due process rights under the Fifth Amendment. See United States v. Marion, 404 U.S. 307, 325, 92 S.Ct.

3

455, 30 L.Ed.2d 468 (1971); United States v. Lovasco, 431 U.S. 783, 789, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); see also Fed. R. Crim. P. 48(b) ("The court may dismiss an indictment . . . if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial."). The Fourth Circuit has established the following two-pronged test to determine whether charges should be dismissed due to excessive pre-indictment delay:

> First, a court must assess whether the defendant has suffered actual prejudice, and the burden of proving such prejudice is clearly on the defendant. If the threshold requirement of actual prejudice is met, the court must then consider the Government's reasons for the delay, balancing the prejudice to the defendant with the Government's justification for delay.

United States v. Automated Med. Labs., Inc., 770 F.2d 399, 403-04 (4th Cir. 1985); United States v. Lynch, No. 94-5350, 1995 WL 325670, at *2 (4th Cir. filed June 1, 1995).

The Defendant contends that he has suffered actual prejudice as a result of the federal government's delay in bringing charges against him, as (1) one key defense witness was rendered incompetent by a stroke in November 2011 and now cannot provide live testimony regarding the Defendant's whereabouts on the morning of the alleged kidnaping and (2) the Defendant's wife, who could have testified regarding the possession

4

and ownership of the gun at issue, died unexpectedly in January 2013. [See Doc. 14]. It is not necessary for the Court to determine whether the Defendant suffered actual prejudice, however, because the record does not show any excessive pre-indictment delay with respect to the Defendant's *federal* prosecution. As the Defendant concedes, the United States Attorney did not get involved in this case until "late 2012." [Doc. 14 at 6]. The record reflects, however, that the federal indictment was brought on October 16, 2012, and the Defendant was arrested by federal authorities on October 17, 2012. Thus, there was no unreasonable delay in the bringing of the present federal charges against the Defendant once the federal authorities became involved in the case.

The Defendant relies solely on the delay caused by the action (or rather, inaction) of state authorities in prosecuting him on the state charges. Any delay caused by the state authorities, however, is not attributable to the charges brought by the federal government. See United States v. Mejias, 552 F.2d 435, 441-42 (2$^d$ Cir. 1977) (recognizing "that the federal government is not bound by the actions of state authorities" and thus finding "no reason to fault the [federal] government for the delay in the state proceedings"); United States v. Duncan, 586 F.Supp. 1305, 1310 (W.D. Mich. 1984) (citing Mejias with approval and concluding that arrest by state

5

authorities does not implicate federal Speedy Trial Act time limitations); United States v. McGiffen, 578 F.Supp. 899, 902 (E.D. Cal. 1983) ("It is hornbook law that the state arrest alone does not trigger Rule 48(b) because the state arrest does not require the defendant to answer to the Federal District Court."); cf. United States v. Iaquinta, 674 F.2d 260, 264 (4th Cir. 1982) ("Since the [Speedy Trial] Act applies only to federal prosecutions it is only a federal arrest, not a state arrest, which will trigger the commencement of the time limits set in the Act."). Because the record is clear that there was no unreasonable pre-indictment delay with respect to the Defendant's *federal* charges, the Defendant's motion to dismiss due to excessive pre-indictment delay must be denied.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Dismiss Due to Pre-Indictment Delay [Doc. 14] is **DENIED**.

**IT IS SO ORDERED**. Signed: April 29, 2013

Martin Reidinger
United States District Judge